IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| EUGENE DUNN, JR., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF )<br>AMERICA )<br>)<br>Respondent. ) | 7:16-cv-08103-LSC<br>(7:07-cr-218-LSC-HGD) |

# MEMORANDUM OF OPINION

## I. Introduction

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by petitioner Eugene Dunn, Jr. ("Dunn") on June 27, 2016. (Doc. 1.) The United States has responded in opposition to the motion. (Doc. 5.) For the following reasons, the motion is due to be denied and this action dismissed with prejudice.

## II. Background

In May 2007 Dunn was indicted on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He pled guilty in August 2007. He was sentenced by this Court in December of that year. Because he had three Alabama prior convictions for violent felonies—all for first-degree robbery—

and three prior Alabama serious-drug-offense convictions—all for unlawful distribution of a controlled substance—Dunn was sentenced to 188 months' imprisonment as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Had he not been sentenced under the ACCA, his maximum sentence would have been ten years. Dunn did not appeal. This is his first motion filed pursuant to 28 U.S.C. § 2255.

## III. Discussion

Dunn appears to base his claim for relief on the United States Sentencing Guidelines, as he asserts: "Therefore, the sentencing enhancement Petitioner received as a result of the Court's application of the residual clause in § 4B1.2 cannot be sustained and the sentence Petitioner received must be vacated forthwith."

This claim is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a 1-year statute of limitations for filing a § 2255 motion. 28 U.S.C. § 2255(f). The time begins to run following the latest of four possible events. *Id.* At a minimum, however, a convicted defendant has at least one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Dunn's conviction became final in December 2007. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant

does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires."). Thus, under § 2255(f)(1), Dunn had until December 2008 to file a motion for collateral relief. He filed his initial motion in June 2016, more than 8 years too late.

Dunn relies upon § 2255(f)(3), which provides that the one-year limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In support of that contention, he cites to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which does constitute a right newly recognized and made retroactive to cases on collateral review by the Supreme Court. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Thus, it can serve as a basis to extend the limitations period under § 2255(f)(3). It does not, however, serve that purpose for Dunn, for several reasons.

First, *Johnson* has no relevance to § 4A1.2 of the Sentencing Guidelines—the provision Dunn relies upon in making his claim. *See Beckles v. United States*, 137 S. Ct. 886 (2017) (*Johnson* does not mean that the residual clause of the Sentencing Guidelines is also unconstitutionally vague). Thus, *Johnson* does not permit Dunn to bring his unrelated claim under § 2255(f)(3).

Second, assuming Dunn is actually arguing that he was not properly sentenced under the ACCA,[1] rather than under the Sentencing Guidelines, such a claim is also be time-barred because *Johnson* does not apply to the facts of his case. More specifically, an individual convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years under the ACCA when he has "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Before *Johnson*, the ACCA's definition of "violent felony" had two parts: the "elements clause" and the "enumerated crimes clause," which included a catchall or "residual clause," to wit: "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court held

---

[1] It is Dunn's status as an armed career criminal that raised his statutory maximum sentence from 10 years to a mandatory minimum sentence of 15 years. *Compare* 18 U.S.C. § 924(a)(2) *with* 18 U.S.C. § 924(e)(1). Dunn's base offense level was set at 24 based on the fact that he had "at least two felony convictions of either a crime of violence or a controlled substance offense." *See* Dunn's Presentence Investigation Report ("PSR"), Doc. 22 at 6 in *United States v. Dunn*, 7:07-cr-00218-LSC-HGD-1 (SEALED) (citing U.S.S.G. § 2K2.1(a)(2)). But, his offense level became 33 under U.S.S.G. § 4B1.4(b)(3)(B) because he "is an Armed Career Criminal within the meaning of U.S.S.G. § 4B1.4." *See id.* at 7. Thus, the consideration of his prior offenses under the Guidelines had no impact on his offense level.

that the residual-clause portion of the ACCA's violent-felony definition is unconstitutionally vague. 135 S. Ct. at 2557. Thus, presumably Dunn is arguing that post-*Johnson*, his prior convictions previously deemed to be violent felonies no longer qualify as such.

However, that argument fails for two reasons. First, three of the six prior convictions used to sentence Dunn under the ACCA were serious drug offenses, not violent felonies, and *Johnson* had no impact on the ACCA's definition of "serious drug offense." A "serious drug offense" is "an offense under State law, involving manufacturing, distributing or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii). Dunn's PSR reveals that he was convicted for unlawfully distributing cocaine in Alabama on three "occasions different from one another"—once in October 1991, once in November 1991, and once in December 1991. *See* Doc. 22 at 8-10 in *United States v. Dunn*, 7:07-cr-00218-LSC-HGD-1 (SEALED). Thus, even disregarding his prior violent-felony convictions, he was still properly sentenced under the ACCA.

Second, each of Dunn's three prior Alabama first-degree robbery convictions continues to qualify as a violent felony under the ACCA post-*Johnson*. Alabama robbery is a violent felony post-*Johnson* because it "has as an element the use, attempted use, or threatened use of physical force against the person of another."

18 U.S.C. § 922(e)(2)(B)(i). Under Alabama law, first and second degree robbery are enhanced versions of third-degree robbery. Third-degree robbery requires (1) commission of a theft (2) during which the perpetrator (a) "uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance" or (b) "threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property." Ala. Code § 13A-8-43(a). An individual commits first-degree robbery when he or she commits third-degree robbery and "(1) Is armed with a deadly weapon or dangerous instrument; or (2) Causes serious physical injury to another." Ala. Code § 13A-8-41. Because third-degree robbery qualifies, categorically, as a violent felony under the "elements clause," first-degree robbery necessarily does as well.

The Alabama robbery statute is substantially similar to the Florida robbery statute, and the Eleventh Circuit has found that a conviction under Florida's statute constitutes a "crime of violence" under the Sentencing Guidelines. *See United States v. Lockley*, 632 F.3d 1238, 1242-44 (11th Cir. 2011). Florida robbery is a theft "in the course of [which] there is the use of force, violence, assault, or putting in fear." Fla. Stat. § 812.13(1). State jury instructions clarify that force or threat must "overcome" or prevent the victim's resistance. Fla. Std. Jury Instr.

(Crim.) 15.1. In *Lockley*, the court held that the Florida statute fell under the similar elements clause of U.S.S.G. § 4B1.2. 632 F.3d at 1245. And, it has since reaffirmed that holding. *See United States v. Fritts*, 841 F.3d 937, 942-43 (11th Cir. 2016). In doing so, the court emphasized two aspects of Florida robbery's force requirement: the force has to be sufficient to overcome a victim's resistance, and it has to be more than would be associated with a mere snatching. *Id*.

Alabama robbery shares both these features. It requires "such force as is actually sufficient to overcome the victim's resistance." *Casher v. State*, 469 So. 2d 679, 680 (Ala. Crim. App. 1985) (quoting 77 C.J.S. Robbery § 15 (1952)). And, "mere snatching is not [Alabama] robbery unless there is some concurrent intimidation or violence." *Proctor v. State*, 391 So. 2d 1092, 1093 (Ala. Crim. App. 1980). It is thus a violent felony under the "elements clause" of the ACCA. Dunn's prior robbery convictions are thus violent felonies under the elements clause of the ACCA. In sum, post-*Johnson*, Dunn continues to qualify as an armed career criminal under 18 U.S.C. § 924(e)(1).

IV. **Conclusion**

For the foregoing reasons, Dunn's § 2255 motion is due to be denied. A separate closing order will be entered.

Additionally, the Court declines to issue a certificate of appealability. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Dunn's claim does not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Dunn's motion, it is due to be denied.

**DONE** and **ORDERED** on October 6, 2017.

_____
L. Scott Coogler
United States District Judge

160704